## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

I3 MICROSYSTEMS, INC.   CASE NO. 8:22-cv-01861-SDM-TGW
F/K/A I3 TECHNOLOGIES, INC,

  Plaintiff/Counter-Defendant,

vs.

THE CHARLES STARK DRAPER
LABORATORY, INC.,

  Defendant/Counter-Plaintiff.

_____/

## I3M'S PARTIALLY-UNOPPOSED MOTION TO AMEND SCHEDULING ORDER AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, i3 Microsystems, Inc. ("i3M"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and 16(b)(4), hereby moves this Court for entry of an Order Amending the Scheduling Order (Doc. 31) to extend the expert report disclosure and rebuttal deadlines, completion of discovery deadline, and dispositive motion deadline, and as grounds states:

## I. STATEMENT OF FACTS

### a. Procedural Background

On August 2, 2022, i3M filed its Amended Complaint alleging Defendant, The Charles Stark Draper Laboratory, Inc., ("Draper") breached the parties' lease agreement and seeking declaratory relief and specific performance regarding the lease, which Draper then removed to this Court.  (Doc. 1).  On August 19, 2022,

Draper filed its Counterclaim, bringing several causes of action against i3M. (Doc. 12).

On December 15, 2022, i3M filed a Motion for Leave to Amend the Complaint. (Doc. 66).  On December 27, 2022, the court granted a motion to substitute counsel for i3M.  (Doc. 72).  On February 16, 2023, prior to a ruling on the Motion for Leave, i3M filed its Amended Motion for Leave to File Second Amended Complaint, attaching its proposed Second Amended Complaint.  (Doc. 81).  To date, i3M's Amended Motion, which has been fully briefed, remains pending.

### b. Current Status of Expert Disclosures and Discovery

On September 9, 2022, the parties submitted the Uniform Case Management Report, which indicates that disclosure of expert reports is due on March 31, 2023, and rebuttal reports are due April 30, 2023.  (Doc. 25).  On October 3, 2022, this Court issued the Scheduling Order indicating the deadlines for completion of discovery and dispositive motions. (Doc. 31).  Per the Scheduling Order, the parties' current discovery completion deadline is June 30, 2023, and the dispositive motion deadline is July 28, 2023.  The Scheduling Order also states that the parties must conform to the deadlines proposed in the Uniform Case Management Report, which includes the expert reports.  This Court has not previously modified the Scheduling Order.

On January 24, 2023, i3M served its First Set of Interrogatories and First Request for Production to Draper ("i3M's Discovery Requests").  Draper's initial

deadline to respond to i3M's Discovery Requests was February 23, 2023.  Due to Draper's inability to respond to i3M's Discovery Requests by this deadline, i3M granted a thirty (30) day extension.  As such, Draper's current deadline to respond to i3M's Discovery Requests is March 27, 2023.  As of the time of filing this Motion, Draper's counsel indicated on March 23, 2023, via e-mail correspondence, that it will be producing an "initial document production" by the March 27 deadline but expects that additional documents will be produced "later in April."

On November 9, 2022, Draper served its First Set of Interrogatories, First Request for Production, and First Request for Admissions to i3M ("Draper's Discovery Requests").  On December 30, 2022, i3M served its Answers to Draper's First Request for Admissions.  On January 9, 2023, i3M served its Answers and Objections to Draper's First Set of Interrogatories and Responses to Draper's First Request for Production, producing an initial batch of responsive documents in i3M's possession and control.  Like Draper, i3M has additional documents, which i3M is actively reviewing and preparing for production.[1]

Further, i3M has retained the services of several expert witnesses, including Steven S. Oscher of Oscher Consulting, PLLC and Michael Cliggitt of Cliggitt Valuation, Inc., to evaluate and opine on the pertinent issues relating to this matter.

---

[1] i3M is also currently in possession of encrypted documents that may be relevant to this matter but contain information potentially sensitive to matters of national security.  To date, i3M has been unable to decrypt said documents to review and determine their relevancy despite significant efforts to do so.  i3M, however, is working diligently to resolve the encryption issue and provide Draper with any responsive documents contained within this batch.

In light of Draper's agreed-upon delay in producing documents, i3M's retained experts are not in a position to provide this Court with an accurate and reliable opinion on the relevant issues relating to this matter by the current expert disclosure deadline of March 31, 2023.  Moreover, if this Court grants leave to file the proposed Second Amended Complaint, the scope of relevant discovery will change, and i3M's experts' opinions may change as the operative complaint (together with Draper's Answer to same) will, then, contain different allegations and causes of action.

Additionally, due to Draper's delay in producing the responsive documents, i3M is unable to take witness depositions or conduct further meaningful discovery at this time.  Specifically, i3M anticipates the need to take approximately twenty (20) to thirty (30) depositions.  No depositions have been taken by any party to date, although the parties have scheduled some depositions and are in the process of scheduling others.  Nonetheless, i3M is unable to take said depositions until and unless Draper produces all requested documents because they are necessary for preparing for witness depositions and as exhibits during the depositions.

For these reasons and as explained in greater detail below, good cause exists for a case schedule extension.  i3M specifically requests the following extensions:

(1)     A sixty (60) day extension of the deadline to disclose expert reports, up to and including May 30, 2023;

(2)     A sixty (60) day extension of the deadline to disclosure rebuttal expert reports, up to and including June 29, 2023;

(3)     A sixty (60) day extension of the deadline to complete discovery, up
to and including August 29, 2023;

(4)     A thirty (30) day extension of the deadline for dispositive motions, up
to and including September 28, 2023.[2]

## II.     MEMORANDUM OF LAW

### a.   Applicable Legal Standard

Pursuant to Rule 6(b)(1)(A), "[w]hen an act may or must be done within a
specified time, the court may, for good cause extend the time with or without
motion or notice if the court acts, or if a request is made, before the original time
or its extension expires."  *See also Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-
Orl-19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb 26, 2010).  This standard applies
here because i3M is requesting an extension of deadlines in the Scheduling Order
before the original times prescribed to disclose expert reports and complete
discovery expire.

Additionally, Rule 16(b) requires a district judge to enter a scheduling order
that limits the time to complete discovery.  Fed. R. Civ. P. 16(b)(3).  This scheduling
order "may be modified only for good cause and with the judge's consent."  Fed. R.
Civ. P. 16(b)(4).  Good cause is shown when the schedule cannot "be met despite
the diligence of the party seeking the extension." *Sosa v. Airprint Systems, Inc.*,
133 F.3d 1417, 1418 (11th Cir.1998) (quoting Fed. R. Civ. P. 16 advisory committee's

---

[2] i3M acknowledges that this dispositive motion deadline would be less than five months before
the current scheduled trial term of December 2023.  (Doc. 31).

note).  "Thus, 'due diligence' is the standard the court applies in deciding" whether to extend deadlines in a Scheduling Order.  *Halaoui v. Renaissance Hotel Operating Co.*, No. 6:13-CV-1839-ORL-40T, 2014 WL 4185324, at *3 (M.D. Fla. Aug. 22, 2014); *see also Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000) (prejudice is immaterial in determining good cause under Rule 16).

   b. **Good cause exists for a case schedule extension.**

   In short, notwithstanding i3M's diligence, the current expert report, discovery, and dispositive motion deadlines are not feasible for the following reasons:

   First, i3M served its Discovery Requests on January 24, 2023, with ample time to review the responsive documents and provide them to i3M's experts before the March 31, 2023 expert disclosure deadline and June 30, 2023 discovery completion deadline.  Further, had i3M received Draper's documents under the original deadline, the parties could have proceeded with depositions well before the discovery completion deadline.  However, Draper was not able to produce the responsive documents within the time provided under the Federal Rules of Civil Procedure and, to date, is still not able to provide all responsive documents.  On the other hand, i3M has already produced a significant volume of documents to Draper.  Therefore, unlike i3M's experts, Draper's experts will be able to review and consider i3M's records in forming their opinions.  Moreover, i3M is unaware of Draper's timeline and plan to produce all requested documents.

Second, discovery is voluminous and complex, and involves sophisticated encryption technology and matters of national security, which present unique burdens on production and review. The volume of documents expected to be produced by both parties here takes significant time and resources to review both before and after production.

Third, the pleadings are not settled, nor is the capacity in which this case will be tried. Specifically, i3M's motion for leave to amend its complaint remains fully briefed and pending as of this filing. If this Court allows i3M to amend its pleading, the scope of relevant discovery, as well as expert testimony, will be expanded. This will impact several matters in this case, including the parties' positions on discovery objections (regarding both document and deposition requests). This will also affect the content of the various expert reports to be given in this case. Further, if this Court grants i3M's corresponding request for a jury trial, the current bench trial date, set for the December 2023 term, will likely need to be moved to accommodate a jury trial.

Fourth, the parties have already engaged in multiple written and telephonic meet-and-confers to informally resolve discovery disputes, and continue to do so in good faith.

Fifth, the parties will each need to take multiple depositions but will need to review documents produced in discovery to meaningfully do so. Although some depositions have been scheduled, no depositions have been taken to date. i3M anticipates the need to take approximately twenty (20) to thirty (30) depositions,

some of which have already been scheduled.  However, those depositions will likely need to be rescheduled since i3M is unable to take said depositions until and unless Draper produces the requested documents because Draper's documents will be used in preparation for the depositions and as exhibits during the depositions. Draper, on the other hand, can use the documents i3M has already produced to prepare and depose witnesses, leaving i3M at a disadvantage.

### c. **Additional Deadlines will Require Adjustment**

Although i3M is primarily concerned with extending the deadline to disclose expert reports and to complete discovery, i3M is aware that, as a result, other deadlines will likewise require adjustment.  For instance, the deadline for disclosing rebuttal expert reports is currently set for April 30, 2023, and the dispositive motion deadline is currently set for July 28, 2023.  If this Court grants i3M's motion, which i3M thinks it should for the reasons stated herein, the above two deadlines will need to be adjusted accordingly to avoid confusion and future delay.

### III.  **CONCLUSION**

i3M has shown good cause to extend the deadline to disclose expert reports and the deadline to complete discovery, along with corresponding deadlines. Specifically, i3M has exercised due diligence in attempting to meet this Court's Scheduling order and is requesting an extension of time before the expiration of the original deadlines.  Nonetheless, Draper has failed to produce all of the requested documents, which are essential to i3M's experts' opinions. Additionally,

i3M is unable to take depositions without Draper's documents as these documents will be used in preparation for and as exhibits during witness depositions. Accordingly, i3M requests this Court to grant its Motion for Extension of Time.

WHEREFORE, Plaintiff, i3 Microsystems, Inc., respectfully moves this Court for:

(1)   A sixty (60) day extension of the deadline to disclose expert reports, up to and including May 30, 2023;

(2)   A sixty (60) day extension of the deadline to disclosure rebuttal expert reports, up to and including June 29, 2023;

(3)   A sixty (60) day extension of the deadline to complete discovery, up to and including August 29, 2023;

(4)   A thirty (30) day extension of the deadline for dispositive motions, up to and including September 28, 2023;

(5)   Any other relief this Court deems just.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for i3M conferred with counsel for Draper on March 21, 2023, prior to filing this Motion, and counsel for Draper agreed to a fourteen (14) day extension to the deadline to disclose expert reports and the deadline to disclose rebuttal expert reports.  Counsel for Draper, however, did not agree to any additional extensions.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

Steven C. Pratico, Esq.
Florida Bar No.: 0539201
steven.pratico@bipc.com
Chance Lyman, Esq.
Florida Bar No.: 107526
chance.lyman@bipc.com
Lauren V. Humphries, Esq.
Florida Bar No.: 117517
lauren.humphries@bipc.com
Alexandra M. Dragovich, Esq.
Florida Bar No.: 1025374
alexandra.dragovich@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 East Jackson Street, Suite 2400
Tampa, FL  33602
Tel No: 813 222 8180
Fax No: 813 222 8189
Secondary email: Kara.Bernstein@bipc.com